UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTEN MARTIN,<br><br>                    Plaintiff,<br><br>         v.<br><br>MERCYFIRST, INC.,<br><br>                    Defendants. | **MEMORANDUM & ORDER**<br>23-CV-5025 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Kristen Martin asserted claims against Defendant Mercyfirst, Inc. for unpaid minimum wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and for unpaid minimum wages and overtime wages under New York Labor Law ("NYLL"). ECF No. 1 ¶¶ 42–61. Plaintiff has also alleged that Defendant violated the NYLL by failing to provide her with wage notices at the time of her hiring and whenever her rate of pay changed, and by failing to provide wage statements with each of her paychecks. *Id.* ¶¶ 62–68. Plaintiff and Defendant have submitted a proposed settlement of Plaintiff's claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); ECF No. 17 at 10–14.

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must

also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1]

"When presented with a settlement for approval, a district court's options are to[:] (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600. With respect to attorneys' fees, the fees collected by the plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement. *Id.* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny. The parties reached this settlement through an arm's-length negotiation represented by experienced counsel. ECF No. 17 at 6. Ms. Martin's ultimate recovery represents approximately 66% of her estimated maximum recovery for the same claims, an amount that the Court finds reasonably discounts for the possibility that she might have been unable to prove on summary judgment or at trial the full number of hours that she alleges she worked. *Id.* at 4–5. The release that Plaintiff is giving to Defendant is not overly broad because it is limited to "wage and hour actions" and "any alleged violation of: the Fair Labor Standards Act. . . ; the New York Labor Law and all New York Wage Orders" that were "asserted or that could have been asserted" by Plaintiff in the instant litigation. *Id.* at 11–12. The full settlement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiff's ability to work in the future. *Id.* at 10–14. The fees collected by Plaintiff's attorneys are limited to roughly one-third of the settlement and leave Plaintiff with a meaningful recovery.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve their proposed settlement of Plaintiff's claims, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 17.

SO ORDERED.

    */s/ Hector Gonzalez*
    HECTOR GONZALEZ
    United States District Judge

Dated: Brooklyn, New York
       October 17, 2023